UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                 Civ. No. 10-1147 MV/RHS

FUNDS IN THE AMOUNT OF $101,048.79
from Account Number 439002219499 Bank of
America,

    Defendant,

and

STEVE CHAVEZ,

    Claimant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Claimant's Motion to Set Aside Default Judgment and to Stay Execution of Judgment [Doc. 18]. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that Claimant's Motion is not well-taken and will be DENIED.

## BACKGROUND

Chavez pled guilty to possession with intent to distribute cocaine, and entered into a plea agreement on April 4, 2011. *See* 10 CR3454, Doc. 22. In the plea agreement, Chavez admitted that cocaine was found in his pants pocket and at his business, and that "on August 10, 2010, the United States, pursuant to a warrant, seized $101,048 from the Bank of America." *Id.* The judgment following Chavez's sentencing provides, "consistent with a stipulation in the plea agreement, the defendant forfeits his rights, title, and interest in any asset derived from or used in

the commission of the offense in this case." *See* 10CR3454, Doc. 28.

In this civil forfeiture action, the United States sought forfeiture of the funds in the amount of 101,048.79 seized from Chavez's Bank of America account. Chavez failed to file a claim or an answer, and publication of the forfeiture was completed on January 2011. On June 10, 2011, the Court entered a default judgment in favor of the United States.

On October 31, 2011, Chavez filed the instant motion to set aside default judgment. The government filed a response in opposition, arguing that, even assuming, *arguendo,* that Chavez's failure to file a claim or answer was the result of "excusable" neglect, the default judgment should not be set aside because Chavez has no standing to move to set aside the default, and because Chavez cannot show that he has a meritorious defense to the forfeiture action.

## **DISCUSSION**

I.   Standing

In order to contest a civil forfeiture, a civil claimant must have both statutory standing and standing under Article III. *United States v. 1988 BMV*, 798 F. Supp. 2d 896, 900 (S.D. Ohio 2010). Statutory standing is gained through compliance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. *Id.* Rule G requires that a claimant serve and file, in the court in which the forfeiture action is pending, both a verified claim and either an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim. *Id.* "The dictates of Rule [G] are relatively plain and the case law applying it repeatedly states that compliance must be strict." *United States v. $5,730.00 in U.S. Currency*, 109 F. App'x 712, 714 (6th Cir. 2004).

Here, it is undisputed that Chavez failed to file either a claim or an answer in this action.

Accordingly, Chavez lacks standing to challenge the entry of default judgment against the funds at issue.

II.     Meritorious Defense

Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Tenth Circuit "has followed other jurisdictions in declaring that Rule 60(b) is an extraordinary procedure permitting the court that entered judgment to grant relief therefrom upon a showing of good cause within the rule." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983). The guidelines governing the district court's consideration of Rule 60(b)(1) motion "are well established," and require that a movant demonstrate mistake, inadvertence, surprise or excusable neglect. *Id.* at 1445. Also, "to avoid frivolous litigation in default judgment cases, courts have established the further requirement that a movant demonstrate the existence of a meritorious defense." *Id.* (citation omitted).

Here, regardless of whether Chavez could demonstrate mistake, inadvertence, surprise or excusable neglect, he is unable to demonstrate the existence of a meritorious defense. According to Chavez, his plea agreement "specifically excluded the funds at issue in this case in order to allow Claimant to pursue his claim in this forfeiture action." Doc. 21 at 3. Nowhere in the plea agreement, however, is there any such exclusion. The plea agreement does not state that the forfeited funds would be returned or were excluded from forfeiture, or that Chavez was preserving a right to challenge forfeiture at some time in the future. To the contrary, it is clear that the forfeiture of the funds was part of the guilty plea proceeding.

Specifically, in his plea agreement, Chavez admitted that, "on August 10, 2010, the United States, pursuant to a warrant, seized $101,048 from the Bank of America. An additional $3,172 was seized from New Mexico Federal Credit Union." 10CR3454, Doc. 22. Further, in the plea agreement, Chavez agreed to forfeit whatever interest he had in "any asset derived from or used in the commission of the offense(s) in this case," and agreed "to cooperate fully in helping the United States (a) to locate and identify any such assets and (b) to the extent possible, to obtain possession and/or ownership of all or part of any such assets." *Id.*

Similarly, the Presentence Report ("PSR") prepared in connection with Chavez's sentencing concluded that the seized funds at issue here were the proceeds of criminal activity, based on the following factual findings: Chavez had no employment other than a purported auto shop; neither he nor the business had any license to operate; no business records were found with purchase or sale inventories, customer lists, inventory documents, accounts owing or receivables; there was no evidence of cash flow to support Chavez's life style; there were no payroll records; and there was a very minimal report of gross business receipts. Chavez filed no objections to the PSR, and did not seek to challenge any of the factual findings therein. His failure to challenge the factual findings in the PSR precludes any subsequent challenge to those findings. *United States v. Powell*, 320 F. App'x 842, 844 (10th Cir. Apr. 7, 2009).

Accordingly, in the criminal case against him, Chavez admitted that the funds seized from his Bank of America account formed part of the factual basis for his guilty plea in the underlying distribution of cocaine. Chavez thus cannot demonstrate a meritorious defense to the instant action in which the government sought forfeiture of those very funds. Because he cannot demonstrate a meritorious defense, Chavez is not entitled to have the Court set aside the default

judgment entered against the $101,048,79 at issue here.

## CONCLUSION

Chavez lacks standing to challenge the entry of default judgment against the funds of $101,048.79 seized from his Bank of America account.  Further, because he cannot demonstrate a  meritorious defense to the instant forfeiture action, Chavez is not entitled to have the Court set aside the default judgment entered against those funds.

**IT IS THEREFORE ORDERED** that Claimant's Motion to Set Aside Default Judgment and to Stay Execution of Judgment [Doc. 18] is **DENIED**.


DATED this 20th day of September, 2012.


_____
MARTHA VAZQUEZ
United States District Court Judge